NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT F. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SERVICES ADMINISTRATION,<br><br>Defendant. | Civil Action No.: 15-4813 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Plaintiff Robert F. Spencer ("Plaintiff") contests certain actions taken by the Defendant General Services Administration ("GSA" or "Defendant") following an April 9, 2014 car accident involving Plaintiff and the driver of a GSA vehicle. (See ECF No. 1, "Compl." at 1). Following the accident, the GSA determined that Plaintiff was liable for damage sustained to the GSA vehicle during the crash and, when Plaintiff and his insurance carrier refused to pay the claim, subsequently referred the alleged debt to the United States Department of the Treasury ("Treasury"). (Id. at 2-3) The claim was then referred to the Treasury Offset Program ("TOP"), which resulted in, *inter alia*, the withholding of monies from Plaintiff's monthly social security checks. (Id. at 3)

Presently before the Court is the GSA's Motion to Dismiss Plaintiff's Complaint. (ECF No. 6). Specifically, Defendant argues that this Court lacks subject matter jurisdiction over this action because Plaintiff has failed to exhaust his available administrative remedies under the TOP.[1] (ECF No. 6-1, "Def's.

---

[1] Originally, the GSA argued that this court lacks subject matter jurisdiction because the United States Government is immune from suit under the doctrine of sovereign immunity. Def's. Br. at 18. However, in its Reply Brief, the GSA acknowledged that "[i]f this matter is not resolved during the administrative process, the Plaintiff may seek review of a final agency action in federal district court under the Administrative Procedure Act." (ECF No. 11, "Def's. Reply Br. at 2) (citing 41 C.F.R. § 105-55.011(e)(9) and 5 U.S.C. § 704). On account of this concession, this Court need not opine on whether the GSA is immune from suit.

Br."). The Court has considered all of the parties' submissions relating to the Motion, and for the reasons set forth below, hereby GRANTS Defendant's Motion to Dismiss the Complaint.

## BACKGROUND

### A. Factual Background

The factual allegations giving rise to the Complaint and corresponding Motion for Entry of an Order to Show Cause are not contested. (See ECF No. 10, "Pl's. Opp. Br." at 2). On April 9, 2014, Plaintiff and a driver of a Government-owned vehicle were involved in a motor vehicle accident in Mountainside, New Jersey. (Def's. Br. at 3). Police responded to the scene of the accident, but did not issue citations to either driver. (*Id.* at 4). As a result of the accident, the GSA vehicle sustained damage on the side passenger seat. (*Id.*).

Upon reviewing photographs from the accident and the intersection at which the accident occurred, the police report, and the Government driver's accident report, the GSA determined that Mr. Spencer was at fault and was therefore liable for the damage to the Government vehicle. (*Id.*). The GSA subsequently sent Plaintiff a letter on May 20, 2014, stating that Plaintiff was indebted to the GSA for an amount of $4,291.98 for the damage sustained to the vehicle. (*Id.* at 5). Plaintiff attached a letter to his Complaint dated June 9, 2014 which he claims he sent to the GSA in response to the May 20th letter, although the GSA denies receipt of same. (*Id.* at 6). When Plaintiff did not satisfy the alleged debt, the GSA sent two follow-up letters, dated June 23, 2014, and July 24, 2014, seeking the initial damage determination plus interest. (*Id.*).

Ultimately, the GSA referred the unpaid claim to the United States Treasury Department for collection action. (*Id.*). After notifying Plaintiff by letter dated September 30, 2014 that the claim had been referred to the Treasury for collection, the Treasury took certain steps to instigate collection of the debt. Specifically, the Treasury referred the alleged debt to the Treasury Offset Program ("TOP"), a program which permits the Government to withhold government disbursement to individuals who collect same in satisfaction of the debt. (*Id.* at 7). Beginning in February 2015, the TOP began retaining $99.00 of Plaintiff's monthly Social Security checks. (*Id.*). In addition to engaging in administrative offset, the

Treasury reported the debt to credit bureaus. (*Id.*).

### A. Procedural Background

On June 30, 2014, Plaintiff filed a Complaint with this Court in which he sought injunctive relief as against the GSA. (Compl. at 1). That same day, this Court entered an Order directing the GSA to show cause as to why this Court should not enter an order directing the GSA to, *inter alia*, immediately notify the Treasury to cease deducting any monies from Plaintiff's monthly social security payment and further directing the Treasury to reimburse Plaintiff for any withheld funds. (ECF No. 2).

On July 14, 2015, a hearing was held before this Court, in which the GSA argued that the Court lacked subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust the available administrative remedies. Defendant now moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction, arguing that Plaintiff has failed to exhaust his administrative remedies.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Philadelphia Federation of Teachers v. Ridge*, 150 F.3d 319, 322–23 (3d Cir.1998). Any defendant may seek to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the district court lacks the authority under Article III to entertain the case. Once such a challenge is raised, the burden to demonstrate the existence of subject matter jurisdiction shifts to the plaintiff. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir.2006).

The Administrative Procedure Act ("the Act") outlines the power and scope of judicial review over administrative regulations promulgated by agencies of the United States. 5 U.S.C. § 701 *et seq.* Significantly, the Act provides that only "final agency action[s] or "action[s] made reviewable by statute are subject to judicial review. *Id.* at § 704. Thus, unless a statute provides that an agency action is directly reviewable in federal court, a plaintiff seeking relief for an agency action must first exhaust all available administrative remedies. *See* 5 U.S.C. § 704; *see also Myers v. Bethlehem Corp.*, 303 U.S. 41, 50-51 (1938)

(noting the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed threat or injury until the prescribed administrative remedy has been exhausted."); *see also St. Regis Paper v. Marshall*, 591 F.2d 612 (10th Cir. 1979) (dismissing plaintiff's complaint alleging violations against the GSA for failure to exhaust where no agency hearing had been held).

## ANALYSIS

Defendant alleges that this Court lacks the subject matter jurisdiction necessary to entertain this action because Plaintiff has not exhausted his administrative remedies available under the applicable statute.

A debtor who wishes to challenge the collection of a debt through the TOP, as Plaintiff attempts to do in the filing of his Complaint, may seek review of the GSA's debt determination by an administrative hearing before the Civilian Board of Contract Appeals. 41 C.F.R. § 105-55.011(e). At this hearing, the debtor is provided a "reasonable opportunity for an oral hearing when the debtor requests reconsideration of the debt and the hearing official determines that the question of the indebtedness cannot be resolved by review of the documentary evidence; for example, when the validity of the debt turns on an issue of credibility or veracity." 41 C.F.R. § 105-55.011(e)(2). "The hearing official's decision will be the final Agency action for the purposes of judicial review under the Administrative Procedures Act." Id. at § 105-55.011(e)(9).

Here, Plaintiff, neither in his Complaint nor in his Brief in Opposition to the instant Motion, has ever asserted that he attempted to seek review under the procedures outlined in the above regulation. Thus, it is clear that Plaintiff in this case has not exhausted the remedies available to him under the above statute.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 6) is hereby granted. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE